# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5424 | **DATE** | 8/17/2011 |
| **CASE TITLE** | Rascon vs. ATF | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the Court grants both Rascon's Motion to Proceed *In Forma Pauperis* and her Motion for Appointment of Counsel.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff Maria Rascon ("Rascon") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, the Court grants Rascon's Motion to Proceed *In Forma Pauperis* and grants her Motion for Appointment of Counsel.

  Rascon's Complaint alleges that an employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") negligently drove down a lane that was closed to through traffic. Rascon was inside her parked car and the ATF employee drove past her at about 30-40 miles per hour just as she opened her car door. As a result, she sustained damage to her car. While Rascon filled out a form complaint for a constitutional violation, the Court notes that by the nature of her claim it is clear that she is trying to allege a claim under the Federal Tort Claims Act ("FTCA") instead.

  Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Rascon to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Rascon need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id*. According to her financial affidavit, Rascon is currently employed and receives a salary of $2,800 per month. She owns a $350,000 house, which has negative equity, and she continues to pay monthly mortgage payments of $2,600. She also owns a vehicle valued at about $4,000. Despite her monthly income, little is left to pay for daily living expenses when the mortgage payments are subtracted. Because Rascon has no cash or savings over $200 in reserve, the Court finds that her financial affidavit sets forth her inability to pay mandated court fees.

  The Court, however, must look beyond Rascon's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a

| STATEMENT |
|---|

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Rascon seeks monetary relief under the FTCA for the damage to her car. The FTCA is the "exclusive remedy" for "injury or loss of property . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b). To facilitate the settlement of claims, before bringing such a claim against the United States, the plaintiff must first present the claim before the relevant federal agency. *See* 28 U.S.C. § 2675(a); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991). Rascon explains in her Complaint that the ATF denied her claim because she was negligent, not the ATF employee, for being unaware of her surroundings before opening her car door. It therefore appears that she met the administrative claim requirement. While her Complain notes that the ATF employee was "off duty," which suggests he or she was not acting within the scope of employment, the Complaint does not include more detailed, conclusive evidence that allows the Court to make this finding. For the purposes of deciding the *in forma pauperis* issue, Rascon's allegations are properly before the Court.

Rascon has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The Court considers whether Rascon has made attempts to secure counsel herself, and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Rascon has not made any attempts to obtain counsel, as she should have. In any event, given the procedural complexities of the FTCA, the Court will appoint her counsel. Appointed counsel will also be able to help Rascon evaluate whether she can bring a valid claim, and if so, how she can more thoroughly set forth the factual basis for her claim.

For the reasons stated, the Court grants both Rascon's Motion to Proceed *In Forma Pauperis* and her Motion for Appointment of Counsel.